IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. ADEWUMI, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-807 |
| | : | |
| RANDY WITHENLE, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

June 9, 2014

**Background**

David A. Adewumi, an inmate presently confined at the Centre County Correctional Facility, Bellefonte, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has also submitted an in forma pauperis application (Doc. 2) as well as a Supplement to his Complaint (Doc. 7).  For the reasons set forth below, Adewumi's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants in the Complaint are Correctional Officer Randy Withenle of the Centre County, Pennsylvania Correctional Facility;  Centre County District Attorney Stacy Parks Miller; Officers Eric Lesher and Detective

John Aston of the Borough of State College, Pennsylvania Police Department; Pennsylvania State Troopers Gretchen Swank and Brian Wakefield. In the Supplement filed by Plaintiff, he indicates an intention to also pursue claims, including pendent state law allegations of libel, slander and defamation, against the Borough of State College Police Department; his alleged victim Terren Lesher and her mother, Lisa Lesher;[1] a witness Elara Sakona and her parents Dean and Kathy Sakona;[2] the State College Area School District and its Superintendent; and the State College Assembly of God Church and its Pastor Steve Silliman.

Plaintiff indicates that beginning on or about April 19, 2013 he became a suspect and was ultimately arrested and charged with the stalking and harassment of Terren Lesher, the daughter of State College Police Officer Eric Lesher and Lisa Lesher. It is alleged that the alleged victim, Detective Alston, Officer Lesher,[3] Lisa Lesher, Troopers Swank and Wakefield, Pastor Silliman, Elara,

---

[1] Adewumi indicates that during the relevant time period Terren Lesher was a minor. See Doc. 7, p. 2.

[2] Elara is also described as being a minor.

[3] Plaintiff seeks to pursue libel, slander and defamation state law claims against the State College Police Department because it employed Detective Ashton and Officer Lester and similarly against the State College Assembly of God Church, the employer of Pastor Silliman and the State College Area School District because it employed its Superintendent.

Kathy, and Dean Sakona,[4] and the Superintendent of the State College Area School District made false, malicious, libelous, and slanderous statements which led to the filing of the criminal charges. The Complaint additionally indicates Officer Lesher fabricated the charges in order to protect himself from being exposed for breaking his daughter's leg.

Plaintiff further indicates hat District Attorney Parks Miller authorized the filing of those false charges and also refused to press charges against Dean Sakona. Adewumi adds that he is scheduled to face trial for those alleged criminal offenses on or about June 13, 2014. See id. at p. 9 . With respect to Correctional Officer Withenle. It is alleged that said Defendant made sexually offensive remarks to Adewumi on August 14 & 16, 2013.

As relief, Plaintiff seeks monetary damages for emotional distress caused and also asks that the Pennsylvania Inspector General be directed to conduct an investigation into his allegations. His Supplement additionally seeks a change of venue with respect to his upcoming state court prosecution.

---

[4] According to the Supplement, Elara Sakona accused Plaintiff of doing inappropriate things to her and suggesting things of an inappropriate nature while on a dinner date. See id. at p. 4. It is also asserted that Dean Sakona verbally threatened the Plaintiff and that Kathy Sakona also made slanderous and libelous remarks about him.

## **Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious

consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton, 504 U.S. at 33.

**Verbal Threats**

Plaintiff alleges that Correctional Officer Withenle made sexually offensive remarks to him on August 14 & 16, 2013.[5]   There is no assertion that those purported statements were accompanied by any physical abuse.

The use of words generally cannot constitute an assault actionable under § 1983.  Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional

---

[5] Plaintiff indicates that he is a pre-trial detainee, as such his claims would be considered under the due process clause of the Fourteenth Amendment as opposed to the Eighth Amendment, which is the applicable standard for incarcerated persons. Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005).  As noted in Hubbard, the appropriate inquiry to use in a claim by a pre-trial detainee is whether the conduct amounted to punishment prior to an adjudication of guilt in accordance with law.  See id.  Nonetheless, the Eighth Amendment protections "establish a floor of sorts" when evaluating claims by a pretrial detainee.  Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000).

deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, 2004 WL 1793018 *7

(E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that the verbal harassment allegedly voiced against Adewumi was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas.  More importantly, it is not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior.  Given the circumstances described by Plaintiff, the purported verbal remarks attributed to Correctional Officer Withenle, although offensive, were not of such magnitude to shock the conscience as contemplated by this Court in S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.  Dismissal will be granted in favor of Defendant Withenle.

**Emotional Injury**

The Complaint asserts that Plaintiff has suffered emotional distress for which he seeks to recover monetary damages.  See Doc. 1, ¶ V (1).  There is no allegation that Adewumi has suffered any accompanying physical injury.  For the reasons outlined below, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.

Title 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  In <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250 (3d Cir. 2000), the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages.  However, the Third Circuit added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in <u>Allah</u>, Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and psychological injuries for violation of his constitutional rights is barred by Section 1997e(e).

**Prosecutor Immunity**

It is well-established that a state prosecuting attorney is absolutely immune from liability for damage under Section 1983 for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 420 (1976); <u>Urrutia v. Harrisburg County Police Dep't</u>, 91 F.3d 451, 462 (3d Cir. 1996).

However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties.  See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984).

Any allegations that Centre County District Attorney Parks Miller or any Centre County assistant district attorney unlawfully approved the filing of criminal charges against the Plaintiff and/or refused to prosecute Dean Sakona for threatening Adewumi are claims which are "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430.  Therefore, District Attorney Parks Miller and her staff are absolutely immune from damages with respect to any such malicious prosecution or failure to prosecute claim.

**State Actor**

Plaintiff also indicates in either his Complaint or Supplement that he wishes to pursue claims against a number of private individuals, namely, Terren Lesher, Lisa Lesher, Elara Sakona, Dean Sakona, Kathy Kakona, and Pastor Steve Silliman based upon remarks or testimony those individuals allegedly made in regards to his alleged criminal conduct.

A plaintiff, in order to state a viable Section 1983 civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the

plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Plaintiff raises no allegations that any of the above listed persons were acting under color of state law. Furthermore, there is no allegation that any of those individuals was a non-state actor who conspired with state officials to deprive a plaintiff of his constitutional rights. See Dennis v. Sparks, 449 U.S. 24, 27-8 (1980); Bieros v. Nicola, 860 F. Supp. 223, 225 (E.D. Pa. 1994).

Since Terren Lesher, Lisa Lesher, Elara Sakona, Dean Sakona, Kathy Kakona, and Pastor Steve Silliman were not acting under color of law they are not properly named defendants in a Section 1983 civil rights action. In addition, the vague claims that those persons made false statements do not set forth viable assertions that they somehow violated Adewumi's constitutional rights.

**Personal Involvement**

With respect to the civil rights claims against the Borough of State College Police Department; the State College Area School District; and the State College Assembly of God Church, civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to

have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Plaintiff indicates that he is attempting to establish liability against the Police Department, School District, and Assembly of God Church solely based upon the fact that those entities employed individuals who allegedly made false statements against him.  He does not seek relief based upon any alleged unconstitutional policy, practice, or custom of those Defendants nor does he raise any other discernible federal law claims against those Defendants.[6]

Based upon the criteria set forth in Rode, the personal involvement requirement has not been sufficiently satisfied with respect to the Borough of State College Police Department; the State College Area School District; and the State College Assembly of God Church, since the civil rights claims asserted against those

---

[6] The Supplement does include state law libel, slander, and defamation claims against those three Defendants.

entities are solely and improperly based upon a theory of respondeat superior.[7]

**Heck**

Based upon a review of the Complaint and Supplement, there is no indication that Plaintiff was convicted of the criminal charges which are the basis for this claims against Officers Lesher, Detective Aston, Troopers Swank and Wakefield. To the extent that Plaintiff is seeking an award of monetary damages against any law enforcement officer, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  There is no assertion in the Complaint or Supplement that the Court of Common Pleas of Centre County criminal conviction or prosecution underlying the claims against the above listed state law enforcement officers has been rendered invalid.

Based on the nature of Adewumi's allegations against those police officials, a

---

[7] It is equally apparent that the Assembly of God Church was not acting under color of state law.

finding in his favor would imply the invalidity and/or comprise the Court of Common Pleas of Centre County criminal prosecution at issue. Thus, any request by Plaintiff for monetary damages against any law enforcement officer with respect to his Centre County criminal prosecution is premature because Plaintiff cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment, his criminal conviction or prosecution, is rendered invalid. See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005). Any request by Adewumi for compensatory damages is premature and must be deferred under Gibson and Sanchez until his underlying Court of Common Pleas of Centre County criminal prosecution is rendered invalid. Thus, if Plaintiff is able to successfully challenge his Centre County criminal charges, under Heck, he may then reassert a claim for damages in a properly filed civil rights complaint.

**Injunctive/Declaratory Relief**

As partial relief, Plaintiff asks that the Pennsylvania State Inspector General be directed to conduct an investigation into the actions of the Borough of State College Police Department. His Supplement further requests that he be granted a change in venue with respect to his upcoming state criminal prosecution.

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court

"held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.[8]

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under 28 U.S.C. § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, 1993 WL 239311 *3 (E.D. Pa. June 28, 1993).

There are no assertions by Plaintiff which suggests that he cannot litigate the merits of his present claims of police misconduct and his request for change of venue in his ongoing state criminal proceedings. This pre-trial civil rights action

---

[8]. Exceptions to Younger abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

does not raise the type of extraordinary circumstances contemplated under Younger, thus, intervention by this Court is not warranted at this juncture.

This conclusion is bolstered by Plaintiff's apparent failure to proceed before the state appellate courts prior to seeking federal court relief.  Abstention is required in this case out of deference to the integrity of the state judicial process.

**Pendent Jurisdiction**

Plaintiff also indicates that he wishes to pursue state law claims of libel, defamation, and slander against most of the Defendants. It is well settled that federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3) (1997).  When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants.  New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent

claim. Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)). However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claims that Plaintiff wishes to pursue.

**Conclusion**

In light of the fact that Plaintiff's pending civil rights claims are "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. In addition, jurisdiction will be declined with respect to any Pennsylvania state law claims which Plaintiff wishes to pursue.

An appropriate Order will enter.


BY THE COURT:


  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge